**Roy D. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47203.**

Court of Criminal Appeals of Texas.

March 20, 1974.

Walter P. Wolfram, Amarillo, for appellant.

James Mashburn, Dist. Atty., Jerry Buckner, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the fraudulent misuse of a credit card; the punishment, five years' imprisonment, probated.

In appropriate grounds of error the appellant challenges the sufficiency of the evidence and urges that overruling his motion to quash the indictment was error.

It is the State's contention that the evidence is sufficient and that the appellant was properly charged in the first count of the indictment with an offense under the provisions of Article 1555c, Vernon's Ann. P.C., Sections 10(a) and 3.

Article 1555c, V.A.P.C., Section 10(a) provides:

"A person who is authorized by an issuer to furnish money, goods, services, or anything else of value upon presentation of a credit card by the cardholder, or any agent or employees of such person, who with intent to defraud the issuer or the cardholder, furnishes money, goods, services, or anything else of value upon presentation of a credit card obtained or retained in violation of any provision of Sections 2–8 of this Act or a credit card which he knows is forged, expired, or revoked, is guilty of an offense and is subject to the penalties set forth in Section 13(b) of this Act." [1]

Article 1555c, V.A.P.C., Section 3 provides:

"A person who receives a credit card that he knows to have been lost, mislaid, or delivered under a mistake as to the identity or address of the cardholder, and who retains possession with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder, is guilty of credit card theft and is subject to the penalties set forth in Section 13(a) of this Act." [2]

The State elected to have the case submitted to the jury under count one of the indictment. That count, in pertinent part, reads as follows:

". . . that Roy D. Johnson on or about the 26th day of February A.D. 1971, and anterior to the presentment of this Indictment, in the County of Midland and State of Texas, was then and there a person who was authorized by Shell Oil Company, a credit card issuer, to furnish goods upon presentation of a credit card by a cardholder, and the said Roy D. Johnson did then and there unlawfully and with the intent to defraud the said Shell Oil Company furnish goods upon the presentation of a credit card that he, the said Roy D. Johnson, knew was lost, mislaid, or delivered under a mistake as to the identity of the cardholder, and he, the said Roy D. Johnson, retained said credit card with the intent to use or transfer said credit card to a person other than the cardholder or the issuer; . . . "

Although we have grave doubt concerning the soundness of the State's contention that count one of the indictment properly alleges an offense, we will assume that it does for the purpose of testing the sufficiency of the evidence. Since we fail to find any evidence to prove the appellant "furnished goods" or that he "retained said credit card with the intent to use or transfer said credit card to a person other than the cardholder or the issuer" as alleged in

---

[1]  The penalty provided by Article 1555c, V. A.P.C., Section 13(b) is imprisonment in the penitentiary for not more than seven years.

[2]  The penalty provided by Article 1555c, V. A.P.C., Section 13(a) is a fine of not more than $1,000 or imprisonment in the penitentiary for not more than two years or both.

the indictment, we hold the evidence is insufficient to sustain the conviction.[3]

Because of the innumerable prosecutions possible under the different provisions of Article 1555c, V.A.P.C. and because we cannot foresee what evidence the State may have available that is not before us in the record, we find it impractical to make any suggestions regarding proper pleading in the event of another trial.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

3. We are of the opinion that the evidence in the record is ample to show theft of money by false pretext or the passing of a forged instrument with the intent to defraud.